Dewey, J.
The particular history of the various proceedings in the suit of Chase against Coburn is of little practical importance, inasmuch as, after all those proceedings had terminated by a verdict of the jury and judgment of the court thereon, affirming the property in the articles now the subject of controversy to be in Austin, and not in Chase, the plaintiff, acting in his capacity of assignee of Austin, demanded of the defendant these goods, which demand the defendant refused to comply with.
The controversy between Chase and the creditors of Austin had terminated in favor of the latter, and the lien of the attaching creditors having been dissolved by the institution of proceedings in insolvency, no further right existed on the part of the defendant to retain the property. He had no interest in the same, but the property had wholly vested in the assignee of Austin, for the benefit of his creditors.
The fact that the plaintiff had, at an antecedent period, under an alleged purchase from Chase and a power of attorney from him, prosecuted the suit of Chase against the defendant, under the erroneous belief that Chase had a good title to the goods by purchase from Austin, does not estop the plaintiff from setting up, in this suit, the property in the same to be in himself, as assignee of Austin. The defendant has as uniformly heretofore asserted the property to be in Austin, as the plaintiff in Chase, and that issue between the parties was settled by a verdict and judgment thereon.
The estoppel is as strong against the defendant as the plaintiff, and thus neutralizes the objection, if it had any weight. Whatever errors may have attached to the course of proceeding on the part of the assignee, while prosecuting the suit of Chase against the defendant, the plaintiff is at last found pursuing his proper remedy, and we see no legal obstacle to his recovery. Judgment for the plaintiff.